UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Arifa Hossain, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br>-v.-<br><br>Frontline Asset Strategies, LLC; and<br>LVNV Funding LLC<br><br><br>Defendant(s). | Civil Action No: 1:20-cv-6247<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Arifa Hossain brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Frontline Asset Strategies, LLC ("Frontline") and LVNV Funding LLC ("LVNV"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

1

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." Ramirez v. Apex Financial Management LLC, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. Crabill v. Trans Union, LLC, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications (Exhibit A) were received by plaintiff within this District;

   b. Defendants does or transacts business within this District.

## PARTIES

9. Plaintiff is a resident of the State of New York, County of Queens.

10. Defendant Frontline is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served upon their registered agent, C T Corporation System, 28 Liberty Street, New York, NY 10005.

11. Upon information and belief, Defendant Frontline is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served upon its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207.

13. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTS

14. Defendants have been attempting to collect from plaintiff an alleged credit card debt, incurred (if at all) for personal, family or household purposes and not for business purposes.

15. On or about December 24, 2020, defendant Frontline, acting on behalf of defendant LVNV, sent plaintiff the letter attached as Exhibit A.

16. Exhibit A is the first letter plaintiff received from defendant Frontline regarding the alleged debt described therein.

17. Exhibit A is a form letter, filled out by computer in a standardized manner.

18. On information and belief, based on its contents, Exhibit A is a form intended for use as the first letter defendant Frontline sends to a consumer regarding the debt described therein.

19. Exhibit A contains the required §1692g(a) notices to be given to a consumer in an initial communication.

20. On or about December 30, 2019, defendant Frontline, acting on behalf of defendant LVNV, sent plaintiff the letter attached as Exhibit B.

21. Exhibit B is a form letter, filled out by computer in a standardized manner.

22. On information and belief, based on its contents, Exhibit B is a form intended for use as the first letter defendant Frontline sends to a consumer regarding the debt described therein.

23. Exhibit B also contained the §1692g(a) notice.

24. §1692g(a) provides a consumer with various rights to dispute or request validation of an alleged debt within a 30-day time period of receipt of the initial communication from a debt collector.

25. If a consumer fails to request validation of the debt within thirty days of receipt of the initial communication letter, the debt collector need not provide the validation.

26. Defendants redundant initial communication letter misleads and confuses plaintiff as to her rights afforded by §1692g(a).

27. In addition, the second debt collection letter is deceptive and misleading as defendants did not intend to afford plaintiff an additional thirty-day period in which to dispute the debt.

28. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

29. Plaintiff repeats the above allegations as if set forth here.

30. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

31. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. Defendants violated said section by:

    a. Making a false and misleading representation in violation of §1692e (10).

33. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

34. Plaintiff repeats the above allegations as if set forth here.

35. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

36. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

37. Defendants violated this section by:

    a) unfairly sending plaintiff a second initial communication letter without extending plaintiff period in which she can dispute the debt;

38. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## CLASS ALLEGATIONS

39. Plaintiff brings this claim on behalf of the following class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

40. The class consists of (a) all individuals (b) with New York addresses, (c) to whom defendant Frontline sent an initial communication letter in the form represented by Exhibit A (d) on behalf of defendant LVNV, (e) and then subsequently sent a duplicate letter containing the same notices

required by §1692g(a) (f) which letter was sent any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

41. On information and belief, based on defendants'' size and the use of a form letter, the class is so numerous that joinder of all members is not practicable.

42. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibits A and B violates the FDCPA.

43. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

45. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.
    b. Members of the class are likely to be unaware of their rights;
    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for

   i. Statutory damages;
   ii. Actual damages;
   iii. Attorney's fees, litigation expenses and costs of suit;
   iv. Such other and further relief as the Court deems proper.

Dated: December 23, 2020

                                                          Horowitz Law, PLLC

                                                          /s/ *Uri Horowitz*
                                                          By: Uri Horowitz
                                                          14441 70th Road
                                                          Flushing, NY 11367
                                                          Phone: (718) 705-8706
                                                          *Attorneys For Plaintiff*